UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| VENESSA CARTER | CIVIL ACTION |
| VERSUS | 24-510-SDD-SDJ |
| DILLARD'S INC. AND<br>HIGBEE LOUISIANA, LLC | |

**RULING**

Before the Court is defendants Dillard's, Inc. and Higbee Louisiana, LLC's, (collectively, "Dillard's" or "Defendants"), Motion to Dismiss.[1] Plaintiff Venessa Carter, ("Carter" or "Plaintiff"), opposes the motion and alternatively seeks leave to amend her First Amended Complaint.[2] Defendants have not filed a reply. The Court has reviewed the allegations, the arguments of the parties, and the law, and is prepared to rule. For the following reasons, Defendants motion is granted, and Plaintiff's 42 U.S.C. § 1981 claim is dismissed.[3]

**I.    BACKGROUND**

    **A. Factual Allegations**

Carter is an African American woman who frequently shops at the Dillard's Department Store in the Mall of Louisiana.[4] On June 22, 2023, Carter went to Dillard's and purchased two pieces of luggage and two smaller items, (collectively, the "four items").[5] During checkout, the Dillard's cashier affixed yellow labels on the four items'

---

[1] Rec. Doc. 12.
[2] Rec. Doc. 16.
[3] Rec. Doc. 2.
[4] *Id.* at p. 1. *See also id.* at ¶ 11.
[5] *Id.* at ¶ 21.

price tags and put the smaller items in a Dillard's bag.[6] She then placed this Dillard's bag in the large suitcase.[7] The cashier also put the smaller piece of luggage on top of the large suitcase and tied a Dillard's bag around the large suitcase to signify proof of purchase.[8]

After checkout, Carter left this Dillard's store and walked over to the Dillard's store that houses the women's department.[9] There, a Dillard's associate stopped Carter and asked to verify Carter's purchase of the luggage she was pulling around.[10] She showed the Dillard's associate her receipt,[11] and the Dillard's associate walked away.[12] Once Carter finished shopping in the women's department, she headed towards the exit to the parking lot.[13] There, she noticed the same Dillard's associate who originally stopped her.[14] Before leaving the store, Carter asked a different Dillard's associate for the name of the associate who originally stopped her.[15] Carter alleges she "was confused as to why she was being followed and/or profiled."[16] While shopping, "she witnessed Dillard's employees promptly greeting and serving white customers that entered the store and not following them around or staring at them."[17]

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* at ¶ 22 ("Carter entered the Women's Department from the mall . . . ."). *See also* Rec. Doc. 12-1, p. 2 n.6 ("There are two separate locations of Dillard's at the Mall of Louisiana: a location that primarily houses women's clothing and accessories; and, a location that houses both menswear and accessories as well as other goods, such as luggage.").
[10] *Id.* at ¶ 22.
[11] *Id.*
[12] *Id.* at ¶ 23.
[13] *Id.* at ¶ 24.
[14] *Id.*
[15] *Id.*
[16] *Id.* at ¶ 13.
[17] *Id.* at ¶ 18 (cleaned up).

When Carter was in the parking lot, an East Baton Rouge Sheriff's Deputy approached her while she was placing the luggage in her car.[18] The deputy asked to see her receipt, and she promptly provided it.[19] Carter showed the deputy the yellow labels on her items' price tags and the Dillard's bag tied around the large suitcase as further proof of purchase.[20] She also advised the deputy that she had previously presented proof of purchase when stopped by an associate.[21]

### B. Procedural Background

Carter filed suit against Dillard's, Inc. on June 21, 2024,[22] and subsequently amended her Complaint to add Higbee Louisiana, LLC ("Higbee") as a defendant.[23] Carter asserts the following causes of action against Defendants: (1) a 42 U.S.C. § 1981 claim for racial discriminatory interference with a contract;[24] (2) defamation;[25] (3) intentional infliction of emotional distress;[26] and (4) various Louisiana state law claims, including "La. Civ. Code Ann. art. 2317 (acts of others); La. Civ. Code Ann. art. 2320 (acts of servants); La. Civ. Code Ann. art. 2315 (liability for acts causing damages), La. Civ. Code Ann. art. 2316 (negligence, imprudence or want of skill)[,] and false imprisonment."[27] Dillard's filed the present Motion to Dismiss Plaintiff's 42 U.S.C. § 1981

---

[18] *Id.* at ¶ 25.
[19] *Id.*
[20] *Id.* at ¶ 26.
[21] *Id.*
[22] Rec. Doc. 1.
[23] Rec. Doc. 2. Carter alleges that Higbee is the owner of Dillard's Department Store. *Id.*
[24] *Id.* at ¶¶ 46–57.
[25] *Id.* at ¶¶ 58–63.
[26] *Id.* at ¶¶ 64–67.
[27] *Id.* at ¶¶ 68–70.

claim,[28] which Plaintiff opposes.[29] Incorporated in her opposition memorandum, Plaintiff alternatively seeks leave to amend her First Amended Complaint.[30]

## II. LAW AND ANALYSIS

### A. Rule 12(b)(6) Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[31] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[32] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[33]

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[34] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[35] However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[28] Rec. Doc. 12.
[29] Rec. Doc. 16.
[30] *Id.*
[31] *In re Katrina Canal Breaches Litig.*, 495 F. 3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[32] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal citations omitted).
[33] *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)).
[34] *Twombly*, 550 U.S. at 545 (internal citations and brackets omitted).
[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

reasonable inference that the defendant is liable for the misconduct alleged."[36] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[37] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[38] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[39]

### B. Plaintiff's 42 U.S.C. § 1981 Claim

Plaintiff alleges that Defendants "intentionally modified Plaintiff's terms of a contract with Dillard's because of her race by profiling and following Carter as she shopped" in violation of 42 U.S.C. § 1981.[40] Pursuant to 42 U.S.C. § 1981, all persons within the jurisdiction of the United States have the same rights, regardless of race, to enter into and enforce contracts, including the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."[41] "[A] plaintiff bears the burden of persuading the court that [he/she] has established a prima facie showing of race discrimination."[42] To establish a *prima facie* case under 42 U.S.C. § 1981, a plaintiff must show that "(1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities

---

[36] *Id*.
[37] *Id*.
[38] *Taha v. William Marsh Rice Univ.*, No. 11-2060, 2012 WL 1576099, at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[39] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[40] Rec. Doc. 2, ¶¶ 48, 50 (cleaned up).
[41] 42 U.S.C. § 1981(a)-(b).
[42] *Monteverde v. New Orleans Fire Dept.*, 124 F. App'x 900 (5th Cir. 2005) (citing *Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000)).

enumerated in the statute[.]"[43] Plaintiff alleges she is a member of a racial minority and thus satisfies the first prong of the 42 U.S.C. § 1981 analysis.[44] The Court moves to the remaining prongs.

### 1. Intent to Discriminate Based on Race

Plaintiff alleges that "Dillard's treated similarly situated white customers at the Mall of Louisiana differently" than her[45] and that "Dillard's would not, and does not, treat its white customers in the same manner."[46] Moreover, "[d]uring the time that Carter was in the store, she witnessed Dillard's employees promptly greeting[] and serving white customers that entered[,]" and these employees did not follow white customers around or stare at them.[47] Contrary to Plaintiff's argument in her opposition memorandum,[48] these conclusory and generalized allegations are insufficient to state a claim of discriminatory intent under 42 U.S.C. § 1981.

As the Fifth Circuit has explained:

> Although "naked allegation[s]" of discriminatory intent are too conclusory to survive a motion to dismiss, *see Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988) (en banc), discriminatory motive may be—and commonly is—demonstrated by circumstantial evidence, *Bellows*, 118 F.3d at 274. An allegation that similarly situated non-minorities received better treatment "could create the necessary inference and set the predicate for establishing the section 1981 claim." *See Crosby v. Kilgore*, 9 F.3d 104, 1993 WL 481800, at *1 (5th Cir. 1993) (unpublished); *cf. Lindsay v. Yates*, 498 F.3d 434, 439–40 (6th Cir. 2007) (holding that plaintiffs-purchasers pleaded a § 1981 claim by alleging that (1) sellers advertised their house for sale; (2) plaintiffs signed a purchase agreement and made deposit; and (3) sellers terminated the contract three weeks after signing agreement and one day after agent learned buyers were black).[49]

---

[43] *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997).
[44] *See* Rec. Doc. 2, p. 1.
[45] *Id.* at ¶ 51.
[46] *Id.* at ¶ 48.
[47] *Id.* at ¶ 18.
[48] Rec. Doc. 16, pp. 8–10.
[49] *Body by Cook, Inc. v. State Farm Mutual Automobile Ins.*, 869 F.3d 381, 387 (5th Cir. 2017).

Borrowing from Title VII jurisprudence,[50] to show that a similarly situated non-minority was treated differently and that the difference in treatment is a pretext for discrimination, the conduct at issue must be "nearly identical."[51] Courts within the Fifth Circuit define "similarly situated" narrowly.[52]

For example, when presented with the generalized allegation that non-minority customers at a bank were not denied bank services or treated in the same manner as a minority customer, this Court in *Pullins v. Hancock Whitney Bank* held the following:

> While it is true that "[a]n allegation that similarly situated non-minorities received better treatment 'could create the necessary inference and set the predicate for establishing the section 1981 claim,'" Plaintiff has not alleged that the non-minorities were similarly situated. Simply being in the bank as a customer and not having an altercation with bank employees does not properly allege that these non-minorities were similarly situated. Rather, an allegation that non-minority customers sought the same services – being provided new account funds prior to the requisite 24-hour delay – and received different treatment/results would allow an inference of race discrimination. Plaintiff makes no allegations regarding the nature of the services sought by the allegedly similarly situated non-minority customers; thus, there are no factual allegations to support Plaintiff's claim that her race motivated the alleged interference with her contractual rights.[53]

Like in *Pullins*, Dillard's alleged treatment of non-minority customers is not "nearly identical" to what Carter alleges happened to her on June 22, 2023. Though Plaintiff may rely on circumstantial evidence to establish Defendants' discriminatory motive,[54] conclusory allegations such as white customers simply being in Dillard's and not having

---

[50] The elements of a racial discrimination claim are the same, whether the claim is asserted under Section 1981 or Title VII. *Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 705 (E.D. La. 2013) (citing *Riley v. School Bd. Union Parish*, 379 F. App'x 335, 339 (citing *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004)); *Lockett v. Wal–Mart Stores, Inc.*, 337 F. Supp. 2d 887, 891 (5th Cir.2004)).
[51] *Moore v. Angus Chem. Co.*, No. 07-415, 2008 WL 4491592, at *5 (W.D. La. Oct. 1, 2008) (citations omitted).
[52] *See Horton v. G4S Secure Solutions (USA), Inc.*, No. 16-544, 2018 WL 1997535, at *5 (M.D. La. Apr. 27, 2018) (citing *Brown v. Bd. of Trustees Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 593 (S.D. Tex. 2012); *see also Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 856–57 (S.D. Tex. 2010)).
[53] 512 F. Supp. 3d 647, 659–60 (M.D. La. 2021).
[54] *Id.*

been stared at or followed will not suffice—nor will general allegations that Dillard's treated white customers differently. By failing to allege "nearly identical" conduct, Plaintiff presents no facts to support the contention that Dillard's treated similarly situated non-minorities differently and that this difference in treatment was a pretext for discrimination. In turn, she cannot establish the intent to discriminate requirement to make a *prima facie* showing under 42 U.S.C. § 1981.

### 2. Discrimination Concerned the Making and Enforcing of a Contract

Plaintiff also fails to state a claim under the third prong of the 42 U.S.C. § 1981 analysis. To prove that discrimination concerned the making and enforcing of a contract, "[a] conclusory allegation that the right to make and enforce contracts has been violated is insufficient. Instead, a plaintiff must (1) 'identify the content of the contract at issue,' (2) identify 'the particular contractual rights' that were allegedly modified by the defendant's actions, and (3) plead facts showing that the defendant's actions were motivated by discriminatory intent."[55]

In *Morris v. Dillard Department Stores, Inc.*,[56] the Fifth Circuit first addressed this prong of the 42 U.S.C. § 1981 analysis in the retail context. There, the court explained that "a plaintiff must establish the loss of an actual, not speculative or prospective, contract interest."[57] "An allegation of 'the mere possibility that a retail merchant would interfere with a customer's right to contract in the future' is insufficient to support recovery

---

[55] *Landor v. Society of the Roman Catholic Church of the Diocese of Lafayette*, No. 13-2759, 2014 WL 4639519, *3 (W.D. La. Sept. 15, 2014) (quoting *Vouchides v. Houston Community College System*, No. 10-2559, 2011 WL 4592057, *8 (S.D. Tex. Sept. 30, 2011) (citing *Grambling Univ. Nat. Alumni Ass'n v. Bd. of Supervisors for La. Sys.*, 286 F. App'x 864, 870 (5th Cir. 2008); *cf. Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006), 546 U.S. at 476 ("Any claim brought under § 1981, therefore, must initially identify an impaired "contractual relationship, § 1981(b), under which the plaintiff has rights."))).
[56] 277 F.3d 743 (5th Cir. 2001).
[57] *Id.* at 751.

under § 1981."[58] "Instead, the plaintiff 'must offer evidence of some tangible attempt to contract' that in some way was 'thwarted' by the defendant."[59] The Fifth Circuit expanded on this analysis in *Arguello v. Conoco, Inc.*[60] In discussing different contractual relationships and their effects on a 42 U.S.C. § 1981 claim, the court explained that "[i]n the retail context, . . . there is no continuing contractual relationship. Instead, the relationship is based on a single discrete transaction—the purchase of goods."[61]

Both parties rely on *Morris* and *Arguello* to support their positions.[62] In particular, Plaintiff argues that *Arguello* stands for the proposition that "'subsequent attempts to gain entry into the store' to buy something would be 'evidence of some tangible attempt to contract with Dillard's.[']"[63] The Court finds that Plaintiff misinterprets *Arguello* and ignores its clear language. Again, "there is no continuing contractual relationship" between a merchant and retail purchaser, and this contractual relationship hinges on "a single discrete transaction," that being the purchase of goods.[64] Plaintiff makes no allegation that she attempted to purchase goods following the June 22, 2023 incident or that Dillard's denied her the ability to make further purchases. Instead, Plaintiff's allegations suggest that she entered into a contract with Dillard's, and this contractual relationship ceased upon her successful purchase of the four items.

Assuming Plaintiff's allegations are true, as the Court must to do on a Motion to Dismiss, Carter has failed to allege facts showing that Dillard's "thwarted" her tangible attempt to contract. She no longer had a contractual relationship with Dillard's after the

---

[58] *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003) (quoting *Morris*, 277 F.3d at 752).
[59] *Id.* (quoting *Morris*, 277 F.3d at 752).
[60] *Arguello*, 330 F.3d 355.
[61] *Id.* at 360.
[62] Rec. Doc. 12-1, pp. 6–7; Rec. Doc. 16, pp. 6–8.
[63] Rec. Doc. 16, p.6 (citing *Arguello*, 330 F.3d at 359).
[64] *Arguello*, 330 F.3d 360.

successful purchase of the four items, and there are no allegations that she made a subsequent attempt to contract. As such, Plaintiff failed to allege "the loss of an actual, not speculative or prospective, contract interest"[65] and cannot make a *prima facie* showing under 42 U.S.C. § 1981. Because Plaintiff has filed to properly allege facts to satisfy her *prima facie* burden, Defendants' Motion to Dismiss will be granted.

### C. Leave to Amend

Considering the deficiencies described above, the Court will grant Plaintiff's request for leave to amend. The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave when justice so requires."[66] Moreover, "courts should ordinarily grant a plaintiff at least one opportunity to amend before dismissing a complaint with prejudice for failure to state a claim."[67] Nevertheless, Plaintiff is cautioned that any amendments must comport with this Court's Ruling, and Plaintiff does not have leave to add new parties or claims; she may only amend to cure the deficiencies set forth herein with respect to her 42 U.S.C. § 1981 claim, if possible.[68]

### III. CONCLUSION

For the foregoing reasons, the Motion to Dismiss[69] filed by Defendants Dillard's, Inc. and Higbee Louisiana, LLC is GRANTED, and Plaintiff Venessa Carter's 42 U.S.C. § 1981 claim is hereby DISMISSED WITHOUT PREJUDICE. Plaintiff's Motion for Leave to Amend her First Amended Complaint[70] is GRANTED, and Plaintiff has twenty-one (21)

---

[65] *Morris*, 277 F.3d at 751.
[66] Fed. R. Civ. P. 15(a)(2).
[67] *Matthews v. Stolier*, No. 13-6638, 2014 WL 5214738, at *12 (E.D. La. Oct. 14, 2014) (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000)).
[68] If Plaintiff wishes to amend more broadly, she must file a motion under the applicable Federal Rules of Civil Procedure.
[69] Rec. Doc. 12.
[70] Rec. Doc. 16.

days from the date of this Ruling to cure the above-mentioned deficiencies in her 42 U.S.C. § 1981 claim, if possible.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 12th day of _____March_____, 2025.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**