**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

VENESSA CARTER | CIVIL ACTION

VERSUS | 24-510-SDD-SDJ

DILLARD'S INC. AND
HIGBEE LOUISIANA, LLC

## ***SUA SPONTE*** **ORDER OF DISMISSAL ON JURISDICTION**

## I. BACKGROUND

Plaintiff Vanessa Carter ("Carter") filed suit against Dillard's, Inc. on June 21, 2024,[1] and subsequently amended her Complaint to add Higbee Louisiana, LLC ("Higbee") as a defendant.[2] Carter asserted the following causes of action against Defendants: (1) a 42 U.S.C. § 1981 claim for racial discriminatory interference with a contract;[3] (2) defamation;[4] (3) intentional infliction of emotional distress;[5] and (4) various Louisiana state law claims, including "La. Civ. Code Ann. art. 2317 (acts of others); La. Civ. Code Ann. art. 2320 (acts of servants); La. Civ. Code Ann. art. 2315 (liability for acts causing damages), La. Civ. Code Ann. art. 2316 (negligence, imprudence or want of skill)[,] and false imprisonment."[6]

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 2. Carter alleges that Higbee is the owner of Dillard's Department Store. *Id.*
[3] *Id.* at ¶¶ 46–57.
[4] *Id.* at ¶¶ 58–63.
[5] *Id.* at ¶¶ 64–67.
[6] *Id.* at ¶¶ 68–70.

On August 12, 2024, Dillard's filed a Motion to Dismiss Plaintiff's 42 U.S.C. § 1981 claim,[7] which Carter opposed.[8] On March 12, 2025, the Court granted Dillard's Motion to Dismiss the Section 1981 claim but provided Carter 21 days to file an Amended Complaint to cure the deficiencies noted by the Court, if possible.[9] On April 1, 2025, Carter filed a "Notice" advising the Court that, while she disagreed generally with the Court's Ruling, she acknowledged she could not cure the deficiencies noted by the Court and would not be filing an Amended Complaint.[10] Upon this concession, the Court converted the dismissal of Carter's Section 1981 claim to a dismissal with prejudice. The Parties proceeded to discovery and litigated motions related thereto.

On July 31, 2026, Dillard's filed a Motion for Summary Judgment.[11] Although Carter initially timely opposed Dillard's Motion,[12] she attempted to correct pleading and exhibit errors beyond the opposition deadline and without leave of Court.[13] The Court struck the untimely documents, and Carter was allowed to submit corrected pleadings and exhibits on October 9, 2026,[14] at which time the Motion for Summary Judgment was ripe for review. As the Court reviewed the pleadings in relation to the Motion for Summary Judgment, it became clear that no federal claims remain in this matter.

## II. JURISDICTIONAL ANALYSIS

With all federal claims having been dismissed, the Court considers "the statutory factors set forth by 28 U.S.C. § 1367(c), and the common law factors of judicial economy,

[7] Rec. Doc. 12.
[8] Rec. Doc. 16.
[9] Rec. Doc. 20.
[10] Rec. Doc. 21.
[11] Rec. Doc. 64.
[12] *See* Rec Docs. 70 & 71.
[13] *Id.*
[14] *See* Rec. Docs. 79 & 80.

convenience, fairness, and comity," to decide whether to exercise its discretion to "relinquish jurisdiction over pendent state law claims."[15] The Court is "also instructed to guard against improper forum manipulation,"[16] though that does not appear to be a factor here. The Court must "consider and balance each of the factors to determine" how to exercise its discretion.[17]

"The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction."[18] Here, those factors weigh in favor of declining to exercise supplemental jurisdiction. The state law claims are not novel or complex, so this factor weighs in favor of keeping the case. But the second and third factors weigh strongly against retaining jurisdiction, as the "state law claims predominate over the non-existent federal claims," and this court "dismissed all federal claims."[19] There is nothing before the Court on factor four, so this factor is neutral.[20] Thus, the statutory factors weigh in favor of declining jurisdiction.

Next, the Court considers the common law factors of "judicial economy, convenience, fairness, and comity." "These considerations include whether extensive or substantive motions have been filed and/or ruled on, whether a scheduling order has been issued, whether hearings have been held, the relative convenience of the relevant

---

[15] *Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (noting that "no single factor is dispositive") and *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (setting forth the common law factors)).
[16] *Id.* (citing *Carnegie–Mellon*, 484 U.S. at 357).
[17] *Id*. (citing *Mendoza*, 532 F.3d at 346).
[18] *Enochs*, 641 F.3d at 159 (citing 28 U.S.C. § 1367(c)).
[19] *Enochs*, 641 F.3d at 159.
[20] *See Taplette v. LeBlanc*, No. 19-448, 2020 WL 1979652, at *3 (M.D. La. Apr. 7, 2020), *report and recommendation adopted*, No. 19-448, 2020 WL 1978363 (M.D. La. Apr. 24, 2020).

state and federal courthouses, and whether it will prejudice either party to have the state law claims heard in state court."[21]

The Court finds that the common law factors weigh in favor of declining to exercise supplemental jurisdiction. Although the Court ruled on a Motion to Dismiss, it is the only dispositive motion that the Court has ruled on, and the Court has not substantively ruled on any motion addressing state law claims. In fact, "there is no indication that the district court had any 'substantial familiarity' or was intimately familiar with the [Louisiana] state law claims[.]"[22] Further, no pretrial conference or hearing has been held; the pretrial conference is over three months away,[23] and the trial date is nearly four months away.[24] There is also no indication that this federal forum is more convenient than the state forum, and there is no reason why either side will be materially prejudiced by having these claims heard in state court. Moreover, the jury trial setting of this matter is one of four trials set on the same date, with one matter being a criminal case that, should it proceed, will take precedence over the remaining three civil cases. The Court has a heavy trial docket in 2027 and finds that "the best use of judicial resources for this Court and the state court is to have the state court preside over [] purely state law claim[s]."[25]

Finally, as another section of this Court found in *Conway v. Louisiana Through DPS&C*:[26]

> The other common law factors also weigh in favor of sending this case to state court. Second, concerning convenience, "as the judicial economy factor suggests," pursuing the case in state court "would not [ ] cause[ ] any

[21] *Pullins v. Hancock Whitney Bank*, No. CV 19-00006, 2021 WL 96246, at *12 (M.D. La. Jan. 11, 2021) (Dick, C.J.) (citing *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 749 (5th Cir. 2014)).
[22] *Id.* (quoting *Enochs*, 641 F.3d at 159–160) (quoting *Parker v. Parsley Petro. Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992))).
[23] The Pre-Trial Conference is currently set for February 9, 2027. Rec. Doc. 61.
[24] The Jury Trial is currently set to begin on February 22, 2027. Rec. Doc. 61.
[25] *Id.* (quoting *Pullins*, 2021 WL 96246, at *12).
[26] No. 18-33, 2021 WL 357357, at *1 (M.D. La. Feb. 2, 2021) (deGravelles, J.).

> financial inconvenience to the parties because they would not have had to duplicate any of their previous efforts or expenses." *Enochs*, 641 F.3d at 160 (citing *Mendoza*, 532 F.3d at 347) . . . "Third, it [would] certainly [be] fair to have [ ] the purely [Louisiana] state law claims heard in [Louisiana] state court, and there is nothing to indicate that either party would have been prejudiced by" sending this case to Louisiana state court. *Id*. (citing *Parker & Parsley Petroleum Co. v. Dresser Indus*., 972 F.2d 580, 588 (5th Cir. 1992)). "And fourth, comity demands that the 'important interests of federalism and comity' be respected by federal courts, which are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.'" *Id*. (quoting *Parker & Parsley*, 972 F.2d at 588–89). Thus, as in *Enochs*, "[t]he convenience, fairness, and comity factors each certainly favors remand, and the overall balance of the common law factors weighs heavily in favor of remand." *Id.*

*Conway* also concluded with the final reasons for declining to exercise supplemental jurisdiction in this case:

> Ultimately, "[a] district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated." *Id*. at 161 (citing *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999)). But:
>
> > "Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley*, 972 F.2d at 585 (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)); *see Carnegie–Mellon*, 484 U.S. at 351, 108 S. Ct. 614 (noting that when the federal claims are eliminated at an "early stage" of the litigation the district court has "a powerful reason to choose not to continue to exercise jurisdiction"); *Gibbs*, 383 U.S. at 726, 86 S. Ct. 1130 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Brookshire Bros*., 554 F.3d at 602 (noting that "the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial"); *Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir. 2002) (noting that where "no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court"). Indeed, the Supreme Court has for nearly half a century cautioned federal courts to avoid "[n]eedless decisions of state law[.]" ...*Gibbs*, 383 U.S. at 726, 86 S. Ct. 1130. Id. Under these circumstances, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims, and they are dismissed without prejudice.[27]

---

[27] *Id*. at *3.

For these and the aforementioned reasons, the Court will follow the same course in this case.

## III. CONCLUSION

For the reasons set forth above, the Court dismisses this matter. Plaintiff's Section 1981 claim has already been dismissed with prejudice. Plaintiff's remaining state law claims are dismissed without prejudice. The Clerk of Court is ordered to terminate this matter and close the case.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 29th day of October, 2026.

*Shelly D. Dick*

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**